UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MHERI F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C21-5779 RSM <br><br> **ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS** |

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits.  Plaintiff contends the ALJ erred by (1) discounting her testimony, and (2) setting hand use limitations that were unsupported by the medical record.  Pl. Op. Br. (Dkt. 9) at 1.  As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1983, has at least a high school education, and has worked as a preschool teacher.  Admin. Record (Dkt. 7) 23–24.  On December 2, 2018, Plaintiff applied for benefits, alleging disability as of April 30, 2018.  AR 13, 196–205.  Plaintiff's applications were denied initially and on reconsideration.  AR 58–117.  At Plaintiff's request, ALJ Hallie Larsen

conducted a hearing on January 29, 2021. AR 31–57. The ALJ then issued a decision, dated February 23, 2021, finding Plaintiff not disabled. AR 13–25. In relevant part, the ALJ found Plaintiff had severe impairments of asthma, chronic obstructive pulmonary disease, polyarticular arthritis, obesity, depression, and anxiety. AR 16. The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with additional restrictions, including a limitation to frequent, but not constant, handling and fingering. AR 18–19.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Although the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Ford*, 950 F.3d at 1154. This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### A.  **Plaintiff's Testimony**

Plaintiff contends the ALJ erred by failing to give clear and convincing reasons for discounting her testimony regarding the severity of her impairments. Pl. Op. Br. at 2–5. Plaintiff testified she has arthritis, which affects her ability to write, handle, grab, or type. AR 39, 43–47, 241. She testified she has been prescribed prednisone to treat her arthritis, but it

makes her "real jittery and not really there." *Id.* She testified she has breathing problems that cause her to be short of breath with movement. AR 40, 47, 241. She testified she can stand for a minute or two and walk for a minute before she gets short of breath. AR 47, 236, 241. She testified she has depression, which causes her to "cry a lot" and keep to herself when she is not having good days. AR 41, 241.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet.'" *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014–15).

The ALJ found Plaintiff met the first step, but discounted her testimony regarding the severity of her symptoms. The ALJ did not err in doing so with regard to Plaintiff's arthritis and mental health claims, but did err in discounting Plaintiff's testimony regarding the severity of her breathing symptoms.

The ALJ did not err in discounting Plaintiff's arthritis testimony based on the finding that "treatment has not been ongoing and examinations do not support occasional handling and fingering." AR 20. An ALJ may discount the claimant's testimony when the "'level or frequency of treatment is inconsistent with the level of complaints.'" *Molina*, 674 F.3d at 1113

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 3

(quoting Social Security Ruling ("SSR") 96–7p, 1996 WL 374186, at *7 (July 2, 1996)).[1] Plaintiff complained of intermittent hand pain in May 2018, but the record does not indicate any treatment until January 2020. *See* AR 311, 313, 709–10. She received limited treatment after that. *See* AR 713–14. Moreover, the record showed minimal objective findings of hand problems. *See* AR 313, 406, 442, 712. The ALJ's decision to discount Plaintiff's hand pain symptom testimony was therefore supported by substantial evidence.

The ALJ similarly did not err in discounting Plaintiff's testimony regarding the severity of her mental health symptoms. Again, an ALJ may discount a claimant's testimony when it is inconsistent with the level or frequency of treatment. *Molina*, 674 F.3d at 1113; *see also Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) ("[A]n unexplained, or inadequately explained, failure to seek treatment may be the basis for an adverse credibility finding unless one of a 'number of good reasons for not doing so' applies." (Internal citations omitted)). Plaintiff did not seek or attend counseling. She has not pointed to any reasons for failing to do so, and thus the ALJ reasonably concluded Plaintiff's mental health symptoms were adequately controlled with her medications. *See* AR 21. The ALJ's determination to discount Plaintiff's mental health symptom testimony was supported by substantial evidence and not erroneous.

The ALJ erred, however, in discounting Plaintiff's testimony regarding the severity of her breathing symptoms. The ALJ reasoned Plaintiff's symptoms were controlled as of November 2018, and stable with medication. AR 21–22. This was not an accurate reflection of the overall record. An ALJ "cannot simply pick out a few isolated instances" of medical health that support

---

[1] SSR 96–7p has been superseded by SSR 16–3p, 2017 WL 5180304 (Oct. 25, 2017). SSR 16–3p nonetheless retains language providing that an ALJ may discount a claimant's testimony "if the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints." *Id.* at *9.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

her conclusion, but must consider those instances in the broader context "with an understanding of the patient's overall well-being and the nature of her symptoms." *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016).

The ALJ's finding that Plaintiff's breathing symptoms were controlled and stable does not accurately reflect the entire record. One provider noted Plaintiff's "severe persistent bronchial asthma [was] somewhat better controlled" on an inhaler regimen. AR 328. But at the same appointment, that provider noted Plaintiff's breath sounds were diminished and there was evidence of air trapping in the lungs. AR 332–33. Other records noted better asthma control, but providers still documented wheezing, shortness of breath, and breathing obstruction based on below expected spirometry results. AR 380, 555–56, 839, 842, 866, 887. The ALJ's analysis—particularly discussion of symptom control—did not adequately address the overall scope of Plaintiff's breathing condition. The ALJ thus erred in discounting Plaintiff's testimony regarding the severity of her breathing symptoms.[2]

**B.     RFC Hand Use Limitations**

Plaintiff contends the ALJ erred in determining her hand use limitations in the RFC. Pl. Op. Br. at 5. Plaintiff first contends the ALJ erred here because she erroneously rejected Plaintiff's testimony on the severity of her hand symptoms. As explained above, the ALJ did not harmfully err in discounting that testimony. This argument therefore fails. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (holding ALJ had no obligation to include limitations in RFC correlating to rejected evidence).

Plaintiff next contends the ALJ erred because no medical professionals opined as to

---

[2] The ALJ also noted Plaintiff continues to smoke despite her breathing issues. AR 21. The Commissioner did not rely on this as a reason to support the ALJ's findings. Def. Resp. Br. (Dkt. # 12) at 6 n.1.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 5

Plaintiff's hand use limitations, so the ALJ's RFC limitations had no basis.  This argument also fails.  The RFC is not purely a medical determination.  *See* SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996).  In formulating the RFC, the ALJ must consider all of the evidence, which includes medical opinions, but also includes treatment records, the claimant's testimony, lay witness statements, and other non-medical considerations, such as the claimant's daily activities.  *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996) ("The RFC assessment must be based on *all* of the relevant evidence in the case record, such as: [m]edical history, [m]edical signs and laboratory findings, [t]he effects of treatment . . . , [r]eports of daily activities, [l]ay evidence, [r]ecorded observations, [m]edical source statements . . . , [e]ffects of symptoms . . . , and [w]ork evaluations, if available."); *see also Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2015).

Plaintiff has failed to show the ALJ unreasonably interpreted any such evidence about hand use limitations.  The ALJ reasonably discounted Plaintiff's symptom testimony, and, as Plaintiff notes, there are no medical opinions setting forth hand use limitations.  Apart from a few medical records documenting Plaintiff's arthritis complaints, Plaintiff points to no other records setting out specific hand use restrictions.  *See* AR 311, 326, 709–10, 714.  Plaintiff has failed to show the ALJ harmfully erred in setting hand use limitations based on the totality of the evidence.

C.  **Scope of Remand**

Plaintiff asks the Court to remand this matter for an award of benefits.  Pl. Op. Br. at 5–6.  Plaintiff specifically argues she should have been limited to less than frequent handling and fingering, which would eliminate all jobs she could otherwise perform.  *Id.* at 5.  As discussed above, Plaintiff has failed to show the ALJ erred in determining hand use limitations, so this

argument fails.

Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045.  First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020).  Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted).  If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020.  "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

Plaintiff has met the first step of the credit-as-true rule, but not the second.  Again, the ALJ did not err in determining Plaintiff's hand use limitations.  The only issue, then, is whether the evidence undeniably shows Plaintiff's breathing problems render her disabled.  Plaintiff has not shown that to be the case.  Plaintiff's testimony conflicts with the opinions of Debra Baylor, M.D., and Louis Martin, M.D.  *See* AR 67–69, 97–100.  The Court cannot resolve this conflict.  *See Andrews*, 53 F.3d at 1039.  Furthermore, even if Plaintiff's testimony was credited as true, the Court cannot translate it into RFC restrictions, nor to determine whether jobs exist in

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 7

significant numbers in the national economy that Plaintiff could still perform. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).

On remand, the ALJ shall reevaluate Plaintiff's testimony regarding the severity of her breathing symptoms. The ALJ shall reevaluate all relevant steps of the disability evaluation process, and conduct all proceedings necessary to reevaluate the disability determination in light of this order.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 14th day of March, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE